IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

YVONNE WILLIAMS, INDIVIDUALLY                                          PLAINTIFF
AND FOR AND ON BEHALF OF THE
WRONGFUL DEATH BENEFICIARIES
OF MAE BELL LUELLEN, DECEASED

VS.                                                            CAUSE NO. 3:06 CV 141

NATIONAL HERITAGE REALTY INC.
d/b/a HOLLY SPRINGS HEALTH AND
REHABILITATION CENTER,
DONNIE THOMAS, Individually, JACKIE MORMAN,
Individually AND SCOTT YOUNG, Individually                             DEFENDANTS

**ORDER**

This cause comes before the court on the motion of plaintiff Yvonne Williams, in her capacity as representative of the wrongful death beneficiaries of Mae Bell Luellen, pursuant to 28 U.S.C. § 1447, to remand this case to the Circuit Court of Marshall County. Defendants have responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, along with other pertinent authorities, concludes that the motion is well taken and should be granted.

This is the second removal of this case on the basis of diversity jurisdiction. On June 13, 2002, plaintiff filed suit in the Circuit Court of Marshall County, seeking recovery for injuries which decedent Mae Bell Luellen allegedly sustained during her stay at the Holly Springs Health and Rehabilitation Center. The case was subsequently removed to this court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. On June 14, 2006, this court remanded this case, finding that

1

the Fifth Circuit's decision in *Letha M. Gray v. Beverly Enterprises-Mississippi, Inc. et al*, 390 F.3d 400 (5th Cir. 2004) dictated this result.

On November 14, 2006, defendants removed this case once again, on the basis of the Mississippi Supreme Court's decision of *Howard v. Estate of Harper ex rel. Harper*, 947 So.2d 854 (Miss. 2006). In *Howard*, the Supreme Court wrote that:

> we find no common law duty is owed by a nursing home's licensee or administrator to that nursing home's patients. Furthermore, we find no language in our nursing home licensing statutes or regulations imposing such a duty.

*Howard*, 947 So.2d at 862. Defendants argue that this decision supersedes the Fifth Circuit's decision in *Gray* and indicates that plaintiff's claims against the nursing home administrator in this case lack merit as a matter of law. The court declines to address whether *Howard* would dictate a finding of fraudulent joinder as to the administrator in this case since it is apparent that this case has been removed in contravention of the one-year limitations period for the removal of cases on the basis of diversity jurisdiction. See 28 U.S.C. § 1446(b). Defendant argues that an equitable exception to the one-year limitations period applies in this case, but the court does not agree.

In *Tedford v. Warner Lambert Co.*, 327 F.3d 423, 427 (5th Cir. 2003), the Fifth Circuit concluded that the plaintiff's "forum manipulation justifies application of an equitable exception in the form of estoppel." In *Tedford*, the Fifth Circuit found that the plaintiff had engaged in the following acts of forum manipulation:

> [The plaintiff] amended her complaint to add her own physician hours after learning of Warner-Lambert's intent to remove. Then, [the plaintiff] signed and post-dated the Notice of Nonsuit of Dr. DeLuca prior to the expiration of the one-year period, but did not file the document with the court or notify [defendant] until after the one-year anniversary of the filing of the complaint.

*Tedford*, 327 F.3d 427-28. The plaintiff in *Tedford* thus took manipulative and seemingly fraudulent

2

steps in order to ensure that the one-year limitations period expired in that case. Nothing comparable occurred in this case.[1]

It is clear that the second removal in this case was expressly based on an event completely outside of the control of the plaintiff in this case, namely the Mississippi Supreme Court's decision in *Howard*. In the court's view, changes in the governing law are precisely the sort of events that § 1446(b)'s one-year limitations period is designed to preclude from being raised as grounds for an untimely removal. Barring such a rule, removal issues would be subject to constant re-litigation as the underlying liability standards were altered by judicial decisions and statutory enactments. Congress clearly sought to avoid this result in § 1446(b). While defendants argue that plaintiff has failed to prosecute her claims against the administrator in this case, the fact remains that the removal petition in this case is expressly based upon the *Howard* decision. Absent *Howard*, defendants would lack even an arguable basis for removing this case, regardless of how vigorously plaintiff might have pursued her claims against the administrator. The court therefore concludes that the removal in this case is untimely and that plaintiff's motion to remand is due to be granted.

It is therefore ordered that plaintiff's motion to remand [4-1] is granted, and this case is hereby remanded to the Circuit Court of Marshall County.

SO ORDERED this the 13th day of June, 2007.

/s/ Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] Moreover, the fact that almost five years have elapsed since the original filing of this action militates even further against the application of any equitable exception to the one-year removal period.